**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GREATBATCH, INC.,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1478-Orl-28DAB**

**HARRY DOBROWOLSKI, MICHAEL E. MOECKER, ROHWEDDER AG, ROHWEDDER, INC., BIRGIT WESTPHAL,**

       **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 16)**
>
> **FILED:** November 22, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part.

On October 4, 2005, Plaintiff filed this diversity action, seeking damages against Defendants for alleged fraud, negligent misrepresentation, breach of fiduciary duty, and failure to comply with Chapter 727, Florida Statutes. Service was had, and a default was entered against Defendant Rohwedder, Inc., a Florida corporation (Doc. No. 15). Plaintiff now seeks entry of default final judgment against the corporation, in the amount of $606,872.70.

## *STANDARD OF REVIEW*

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages.  Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987).  A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975).  If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

## *ISSUES AND ANALYSIS*

As set forth in the Complaint and in Defendant Moecker's Motion to Dismiss or for Abstention (Doc. No. 18), there is a pending state court proceeding relating to the dissolution of the corporation, pursuant to Chapter 727, Fla. Stat.  Indeed, it appears from the corporate record attached to Doc. No. 16, that the corporation was administratively dissolved by the State on September 16, 2005, for failure to file the annual report.  Although the corporation may well have arguments to offer in view of the foregoing, the Court notes that no appearance has been made by or on behalf of the corporation (as opposed to the assets of the corporation, which are now allegedly assigned to Defendant Moecker).  As no appearance has been made by the corporation, and no response has been filed with respect to the instant motion, Plaintiff has established a legal basis for entry of judgment against this defendant.

With respect to the amount of the judgment, the Complaint, motion, and Affidavit filed in support of the motion establish that the corporation is indebted to Plaintiff in the total amount of

$606,872.70.  Although the prayer for relief in the motion seeks this amount "and interest . . . and to reserve jurisdiction as to attorney's fees," Plaintiff has failed to establish entitlement to a particular amount of prejudgment interest, nor has Plaintiff established any entitlement to attorney's fees.  The request for interest and fees should therefore be denied.

It is therefore **respectfully recommended** that a default final judgment be entered against Rohwedder, Inc., in Plaintiff's favor, in the total amount of $606,872.70.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 30, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy